UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

    Plaintiff,

v.

                                      Case No. 22-10878
                                      Honorable Victoria A. Roberts

NURSE BROWN, et al.,

    Defendants.
_____/

**<u>ORDER: (1) GRANTING BROWN'S MOTION TO DISMISS [ECF No. 16]; (2) GRANTING MDOC DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST [ECF No. 19]; (3) DEEMING MOOT MOTIONS TO STRIKE [ECF Nos. 27, 28]; and (4) DISMISSING THE CASE WITH PREJUDICE</u>**

**I.    INTRODUCTION**

Darren Johnson is a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Nurse Cheri Brown and four Michigan Department of Corrections ("MDOC") employees: Grievance Coordinator Tomas Cobb; Deputy Warden Jeffrey White; Warden Noah Nagy; and Grievance Manager Richard Russell ("MDOC Defendants"). Johnson alleges deliberate indifference to his medical needs. He also

alleges various First Amendment violations, but the Court summarily dismissed that claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Before the Court are: (1) Brown's motion to dismiss [ECF No. 16]; (2) MDOC Defendants' motion to dismiss, or alternatively for summary judgment for failure to exhaust [ECF No. 19]; (3) Brown's motion to strike Johnson's sur-reply to her motion to dismiss [ECF No. 27]; and (4) MDOC Defendants' motion to strike Johnson's sur-reply to their motion to dismiss [ECF No. 28].

The Court: (1) **GRANTS** Brown's and MDOC Defendants' motions to dismiss; (2) **DEEMS MOOT** the motions to strike; and (3) **DISMISSES** the case with prejudice.

## II. BACKGROUND

Johnson sues Defendants in their individual and official capacities for declaratory, injunctive, and monetary relief.

Johnson organizes his allegations in support of his deliberate indifference claim under an "Objective Prong" and "Subjective Prong."

Under the "Objective Prong" heading, Johnson makes the following allegations: (1) "[On] February 26, 2022[,] I told defendant Brown to provide me medical care and treatment for my right arm that is in great pain"; (2) "Defendant Brown is conscious and aware that my arm is in great pain but

deprived me medical care and treatment for my serious medical need, which is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." [ECF No. 1, PageID.8].

Under the Subjective Prong heading, Johnson alleges: (1) "The defendants [knew] of and disregard[ed] an[] excessive risk to my health"; (2) "Defendant Brown should have examined my arm and see [*sic*] what was causing the pain and if she could not determine the cause refer me to either a physician assistant and/or doctor for medical care and treatment"; (3) "Defendants Cobb and White willfully rejected my Step I grievance to protect Nurse Brown unconstitutionally[;] they should have directed the Step I grievance to Nurse Brown's supervisor as the MDOC policy directive for grievances directs"; and (4) Defendants Nagy and Russell willfully den[ied] the grievance appeals[;] [instead,] they both should have reversed the decision and compel[led] either Cobb or White to direct the Step I grievance to the supervisor of defendant Brown and/or directed the Step I grievance to defendant Brown's supervisor." [ECF No. 1, PageID.8].

Johnson alleges that Defendants' failure to provide him with medical care resulted in: (1) arm pain; (2) arm swelling; (3) chest pain; and (4) mental distress.

3

Nurse Brown and the MDOC Defendants separately move to dismiss the complaint. The motions are fully briefed.

## III.    MOTION TO DISMISS STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"). The question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the]

complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citations omitted).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, the Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citation omitted). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430.

IV. ANALYSIS

    A.     MDOC Defendants' Motion to Dismiss

MDOC Defendants say the Court should dismiss the claims against them because Johnson: (1) fails to state a claim against them; and (2) failed to exhaust administrative remedies on any claims against them.

### i. Failure to State a Claim

MDOC Defendants say the Court should dismiss Johnson's deliberate indifference claim because he fails to state how they were personally involved in any unconstitutional conduct and does not make any specific allegations as to how they "either encouraged the specific incident of misconduct or in some other way directly participated in it." *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

In response, Johnson re-states the allegations in the complaint and summarily states that he sufficiently alleges the MDOC Defendants' personal involvement.  However, he fails to demonstrate that he states a plausible claim against MDOC Defendants.

"Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability."  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id.*  Merely being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personnel under § 1983. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988);

6

*Shehee*, 199 F.3d at 300 (Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act.").

Johnson fails to show how MDOC Defendants were personally involved in any unconstitutional conduct related to his failure to provide medical care claim. His allegations are limited to their involvement in the grievance process against Nurse Brown. This is insufficient because a defendant cannot be held liable under § 1983 if his or her only role in the action involved the denial of administrative grievances. *See Shehee*, 199 F.3d at 300 (holding that plaintiff failed to state a claim against defendants where "[his] only allegations against [them] involve their denial of his administrative grievances and their failure to remedy the [complained of] behavior"); *Grinter*, 532 F.3d at 576 (affirming dismissal of the warden, state penitentiary commissioner, state penitentiary head of internal affairs, and state penitentiary internal affairs employee because prisoner failed to state a claim against them in their roles as supervisors or their involvement in the grievance process).

Johnson fails to state a plausible claim against MDOC Defendants for violation of his Eighth Amendment rights.

### ii.     Failure to Exhaust Administrative Remedies

Even if Johnson stated a plausible deliberate indifference claim against MDOC Defendants, the Court would still dismiss it because Johnson failed to properly exhaust administrative remedies before filing suit.

Exhaustion of administrative remedies is a prerequisite to filing a prisoner lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The Supreme Court held that exhaustion requires "**proper** exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis added). "[P]roper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* (citation omitted).

An untimely grievance, or otherwise improperly filed grievance, even though appealed through all steps of a grievance procedure, does not fulfill the exhaustion requirement of 42 U.S.C. § 1997e(a). Indeed, permitting an untimely or otherwise improperly filed grievance – even though appealed through all steps – to satisfy § 1997e(a)'s requirement "would permit a prisoner to bypass deliberately and flagrantly administrative review without any risk of sanction." *Ngo*, 548 U.S. at 97.

The administrative process applicable to Johnson's grievable claims is governed by MDOC Policy Directive 03.02.130, "Prisoner/Parolee Grievances" (eff. date Mar. 18, 2019).

"Under [MDOC's] procedural rules, inmates must include the '. . . names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). The Policy Directive also requires a prisoner to attempt to resolve the issue with the staff member involved" before submitting a written grievance. [*See* ECF No. 19-2, PageID.167, ¶ Q].

Johnson failed to comply with these requirements. The only grievance Johnson completed through Step III before filing his complaint was Grievance JCF-22-03-0393-28i. However, that grievance does not name any of the MDOC Defendants at Step I of the process. Additionally, that grievance could not have exhausted any claims because it was rejected at Step I and the rejection was affirmed through Step III. Thus, Johnson failed to *properly* exhaust any grievance through Step III of MDOC's administrative process. Johnson failed to exhaust administrative remedies with respect to his claims in the complaint.

### B.   Nurse Brown's Motion to Dismiss

Nurse Brown says Johnson's deliberate indifference claim fails under the *Twombly/Iqbal* standards because, "[w]hile [Johnson's] allegations [against her] track very nicely on the elements and key phrases that comprise the case law on deliberate indifference, they are nothing more than hollow recitations of the elements without any factual allegations to back them up."  [ECF No. 16, PageID.132 (citing *Iqbal*, 556 U.S. at 678-79)].

For example, Nurse Brown says that while Johnson summarily states that his serious medical need was so obvious that a lay person would easily recognize the necessity of a doctor's attention, he "never actually describes his injury. What part of his arm is injured? When was it injured? How was it injured? Was Plaintiff bleeding? Did Plaintiff have a broken bone? Plaintiff gives no detail on how a lay person would readily know he needed medical treatment."  [*Id.*, PageID.133].

Nurse Brown also points out that while Johnson states he "told defendant [B]rown to provide [him] medical care and treatment for [his] right arm that is in great pain," he does not provide any details on how she was allegedly aware of his serious medical needs. Johnson fails to allege what information he provided Nurse Brown; how he told her his arm was injured;

or what he informed her his symptoms were. Johnson does not even say how he communicated with Brown – whether he had a nursing appointment or submitted a healthcare request and got a response. Johnson likewise offers no details on Nurse Brown's actions; he merely conclusorily states she deprived him of treatment.

Johnson "objects" to Nurse Brown's motion. Without pointing to any specific allegations, Johnson summarily states that he alleged facts with particularity and specificity, and that his allegations tend to show the objective and subjective components of the deliberate indifference analysis.

An Eighth Amendment claim for denial of medical care has objective and subjective components. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). The objective component requires the existence of a "sufficiently serious" medical need. *Id.* The subjective component requires an inmate to show that prison officials had "a sufficiently culpable state of mind in denying medical care." *Id.* That is, a prisoner must show that defendant knew of the serious medical need and acted with deliberate indifference to that need. *Id.* at 895-96 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (citation omitted)).

11

To satisfy the objective component, a plaintiff must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment" or if it "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Blackmore, 390 F.3d at 897, 899-900.

Regarding the subjective component, "the [prison] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Reviewing the complaint liberally, the Court finds that Johnson fails to allege sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As Brown says, Johnson presents only hollow assertions that his rights were violated without any factual allegations supporting those claims, such that we know next to nothing about the incident that forms the basis of Johnson's claim. Indeed, the complaint offers nothing more than labels and conclusions" and "a formulaic recitation of the elements of the cause of action" – down to Johnson providing headings for the objective and subjective components and quoting the "so

12

obvious that even a lay person . . ." language. This does not satisfy Fed. R. Civ. P. 8(a) or the requirements of *Twombly* and *Iqbal*.

The complaint fails to state a plausible claim and must be dismissed.

Moreover, although Brown does not raise the argument, the Court would also dismiss the claim against Brown for failure to *properly* exhaust administrative remedies – for the same reasons set forth above – because Johnson is a prisoner proceeding *in forma pauperis*, and 28 U.S.C. §§ 1915(e)(2)(B) and 1915A require the Court to screen the case and dismiss the complaint or any portion of it that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from suit.

### V. CONCLUSION

The Court **GRANTS** Brown's [ECF No. 16] and MDOC Defendants' [ECF No. 19] motions to dismiss and **DISMISSES** the case with prejudice.

Defendants' motions to strike Johnson's sur-replies [ECF Nos. 27, 28] are **MOOT**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 25, 2023